## MOSCARELLO v. HAINES.

(Supreme Court, Appellate Division, First Department. January 22, 1909.)

1. MASTER AND SERVANT (§ 265*) — INJURIES — ACTIONS—BURDEN OF PROOF — PROXIMATE CAUSE OF INJURY.

In an action for a servant's death while excavating under the sidewalk during the construction of a building by the fall of a stone claimed to have been negligently left in the side of the excavation to be built into the retaining wall, plaintiff must show that the accident was the proximate cause of decedent's death.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 879; Dec. Dig. § 265.*]

2. MASTER AND SERVANT (§ 276*)—ACTIONS—EVIDENCE.

In an action for a servant's death by the fall of a stone claimed to have been negligently left in the side of the excavation where plaintiff was at work and intended to be built into the retaining wall, evidence *held* not to show his death resulted from the injury caused by the fall of the stone.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 276.*]

3. MASTER AND SERVANT (§ 285*)—QUESTION FOR JURY—CAUSE OF INJURY.

Where there was no evidence to show that a servant's death was caused by the accident resulting from the master's negligence, the complaint should have been dismissed.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 285.*]

Appeal from Trial Term, New York County

Action by Guiseppa Moscarello, as administratrix of Paolo Moscarello, against Samuel B. Haines. From a judgment for plaintiff and an order denying a new trial, defendant appeals. Reversed, and new trial ordered.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and SCOTT, JJ.

Eugene A. Philbin (Stephen P. Anderton, on the brief), for appellant.

M. L. Malevinsky (Frank A. Acer and F. F. Davis, on the brief), for respondent.

CLARKE, J. Decedent, while in the employ of the defendant, was engaged in the excavation of a vault under the sidewalk and adjacent to a building in process of erection. A stone had been uncovered in the bank on the street side of the excavation and about two feet from the bottom thereof. This stone projected from the bank about 18 inches. It was intended to build it into the retaining wall as a part thereof by what is called racking over it. It fell upon decedent, and he sustained a compound fracture of the leg. The accident occurred on September 24, 1906. Decedent died at the hospital to which he had been taken on the 3d of October, 1906. The action was brought by his administratrix to recover damages upon the ground that the death of plaintiff's intestate was caused by the negligence of the defendant. At the close of plaintiff's case, and at the close of the whole case, the defendant moved for a dismissal of the complaint, one of the grounds stated being "that there is no evidence warranting the jury in finding that the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

intestate's death resulted from the accident which has been described in evidence." The motions having been denied, the defendant duly excepted.

The ambulance surgeon testified:

"I recall the incident of an accident happening to a man by the name of Paolo Moscarello at Sixty-Fifth street and Central Park West, and my going for him in the ambulance. * * * I got him on the sidewalk at Sixty-Fifth street and Central Park West. His general condition was one of profound shock. He was in a cold sweat, a very feeble pulse. The man was very white. On examining his leg, I found that he had a compound fracture of both bones of one leg. * * * This fracture was apparently from the without in; that is, something had struck it and crushed the bones in. About two inches of bone was sticking out through the flesh. The wound was very dirty. There was visible dirt all in the wound, deep down on the surface of the bone and ground in the muscle bellus which was displayed. It was black dirt—earth. I examined the patient for about 30 minutes. I carried him direct to Bellevue Hospital. I never saw him personally after that. * * * I found him suffering from profound shock. He had a cold sweat, his pulse was very weak, and he was white and pale. I did not make an examination of his chest and body and the condition of his internal·organs. I could not say anything about that. He was in a serious condition."

He was then asked a hypothetical question, which was objected to, concluding as follows:

"I ask you, Doctor, to state to the court and jury whether or not an injury of that character, in your opinion, whether you can state with reasonable certainty that it would be of necessarily fatal nature."

And in answer he said:

"Not necessarily; that is, in every case it would not be absolutely fatal."

Although Moscarello was taken to a hospital and remained there until he died nine days thereafter, no medical evidence was given of his condition, treatment, or the cause of death by any attending physician other than that given by the ambulance surgeon whose observation extended over 30 minutes and until he delivered him at the hospital. The man may have died from any number of intervening causes in no way connected with the accident. It was an essential part of the plaintiff's case to show that the accident alleged to be due to the defendant's negligence was the proximate cause of the death. There is no such evidence.

A physician who had never seen the decedent was asked a hypothetical question concluding as follows:

"Can you, as a physician and surgeon, say with reasonable certainty that that condition would necessarily produce his death, was fatal in character, and would necessarily produce his death?"

This was objected to as incompetent and speculative, there being no proof of the conditions intervening between the patient's injury and any subsequent time, and that the answer must necessarily be merely a conjecture, but the question was allowed and an exception taken, and the witness answered:

"Yes, sir; I think it would. That is my professional opinion."

But upon cross-examination he testified:

"I have known of a compound fracture of both bones of the leg before now. Q. And you have known patients to make a recovery, have you not? A. Yes; plenty of them."

And it further appeared in cross-examination that in answer to the hypothetical question he had assumed conditions not stated in the question, and of which there was no proof in the case.

It was the plaintiff's duty to furnish the necessary medical testimony and the defendant was entitled to assume that the plaintiff would perform that duty. Not having done so, counsel for the defendant stated that he was surprised and asked for an opportunity to get the attending physicians from the hospital, but the learned court refused an adjournment for that purpose. So that, as the case went to the jury, there was no evidence to support the cause of action alleged in the complaint, and the refusal to dismiss was error.

There were other matters claimed to constitute error, to which exception was duly taken, which we do not deem necessary to consider as they may not occur upon a new trial. For the reasons stated, the judgment and order appealed from should be reversed and a new trial ordered, with costs to the appellant to abide the event.

PATTERSON, P. J., and LAUGHLIN and SCOTT, JJ., concur.

INGRAHAM, J. I concur in the opinion of Mr. Justice CLARKE, but I also think that there was no cause of action proved and that the court should have dismissed the complaint. The deceased was engaged in excavating a trench in which during the course of the excavation it appeared that a stone protruded from a wall of the trench about 18 inches or 2 feet. It was determined to build this stone into the retaining wall on the side of the trench and not to attempt to take it out, and the deceased with the other workmen engaged in the excavation continued their work. There was nothing in this situation that appeared dangerous to the workmen if they exercised ordinary care in working around this exposed stone and the men seem to have been cautioned in relation to it. The situation was as apparent to any of the men in the trench as it was to the defendant or his agents, and there is nothing to show that the defendant should have anticipated such an accident or was negligent in not providing against it.